UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LAUREN CALDERON

                       Plaintiff,

      -v-

The CITY OF NEW YORK, New York City Department of Correction ("DOC") Supervising Warden VICTOR VASQUEZ, Warden TONY DURANTE, DOC Officers F/N/U GRIFFITHS, F/N/U DANIELS, and NYC DOC OFFICERS JOHN/JANE DOES Nos. 1-10 in their individual capacities,

                       Defendants.

**COMPLAINT AND JURY DEMAND**

17 CV 3643

------------------------------------------------------------------x

Plaintiff LAUREN CALDERON, through her attorneys, Rebecca M. Heinegg, Esq., and Sarah Kunstler, Esq., as and for her complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. Plaintiff, LAUREN CALDERON, a transgender woman, was the victim of several assaults, rape, and discrimination while detained at Rikers Island.

2. Pursuant to the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983, and the laws of the State of New York, plaintiff LAUREN CALDERON brings this civil rights action for violations of her constitutional and common law rights for injuries caused by New York City Department of Correction Officers, and by the municipal policies, practices and customs of their employer, Defendant City of New York.

Case 1:17-cv-03643-NRB   Document 1   Filed 05/15/17   Page 2 of 14

3. Due to defendants' deliberate and intentional conduct, Ms. Calderon was exposed to and became the victim of continued harassment and several incidents of sexual assault when she was housed in an all-male dormitory. Further, due to the negligent and intentional use of force by Department of Correction Officers GRIFFITHS, DANIELS and others, Ms. Calderon was assaulted and battered, suffering serious physical injuries.

4. Plaintiff seeks compensatory damages, punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

6. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4).

7. This Court has supplemental jurisdiction over plaintiff's claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

9. Pursuant to New York State General Municipal Law § 50-E, plaintiff filed a timely Notice of Claim with the New York City Comptroller. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1-2) in that defendant CITY OF NEW YORK resides in this venue and plaintiff's claims arose within the confines of this judicial district.

## PARTIES

11. Plaintiff LAUREN CALDERON, is a transgender Latina woman, and at all times relevant to this action was a resident of Queens County, New York.

12. Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which through its agency DOC, is authorized under the laws of the State of New York to maintain correctional facilities, which act as its agent and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of correctional facilities and the employment of correctional officers under its employ.

13. At all times relevant herein, Defendants DOC Supervising Warden VICTOR VASQUEZ, Warden TONY DURANTE, DOC Officers F/N/U GRIFFITHS, F/N/U DANIELS, and NYC DOC OFFICERS JOHN/JANE DOES Nos. 1-10 were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the CITY and/or DOC, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his respective duties. They were acting for and on behalf of the CITY and/or DOC at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the CITY and/or DOC and

incidental to the lawful pursuit of their duties as officers, employees and agents of the CITY and/or DOC.

14. Supervising Warden VICTOR VASQUEZ, was at all times relevant to this Complaint employed by the DOC and was responsible for the supervision of Corrections officers, Captains and other supervisors.

15. Warden TONY DURANTE, was at all times relevant to this Complaint employed by the DOC and was responsible for the supervision of Corrections officers, Captains and other supervisors.

16. The true names and shield numbers of defendants DOC Officers F/N/U GRIFFITHS, F/N/U DANIELS, and NYC DOC OFFICERS JOHN/JANE DOES Nos. 1-10 are not currently known to plaintiff. However, all of said defendants are employees or agents of the DOC.

17. Defendants' acts herein complained of were carried out intentionally, recklessly, negligently, and with malice and gross disregard for plaintiff's rights.

## STATEMENT OF FACTS

18. These claims arose on or about February 15 - February 18, 2016, at the Anna M. Kross Center on Rikers Island and continued thereafter as set forth below.

19. At the time and place referred to above, Ms. CALDERON was a detainee in the custody of the DOC.

20. On or about February 15, 2016, defendants placed Ms. Calderon in an all-male dormitory in the Anna M. Kross Detention Center, although Ms. Calderon is a transgender woman.

21. As a direct result of defendants' actions, Ms. Calderon was the victim of several physical and sexual assaults by male inmates based upon her gender identity and expression during her detention.

22. On one occasion, several of the male inmates grabbed Ms. Calderon by her legs and punched her in the face.

23. On another occasion, one of the male inmates forced Ms. Calderon to perform oral sex on him.

24. Ms. Calderon repeatedly requested that defendants place her in protective custody.

25. Her requests were denied and fell upon deaf ears.

26. After at least three days and multiple requests, Ms. Calderon was finally transferred by an extraction team of approximately seven of the individual defendants.

27. Ms. Calderon was handcuffed with her hands behind her back during this transfer.

28. As the individual defendants were transferring Ms. Calderon, they caused her to fall down a staircase head-first.

29. Ms. Calderon landed on her face, causing substantial pain and serious physical injury.

30. As a result of these incidents, Ms. Calderon sustained severe physical, psychological and emotional injuries, mental anguish, suffering, humiliation, and embarrassment, and was otherwise damaged and injured.

31. The violence, deprivation of civil rights, anti-gay/trans animus, and cover-up that occurred in this case are not isolated events.

32. Instead, they are yet another manifestation of a pattern and practice of misconduct of which New York City policymakers have had actual and constructive notice, and yet have not prevented.

33. The problem of anti-gay/trans animus experienced in prison settings is also longstanding and well-known. Despite being prohibited by DOC policy, there exists a pattern and practice among DOC staff of using transphobic slurs and disparate treatment.

34. In acknowledgment of this anti-gay/trans animus, a DOC Chiefs Order dated August 19, 2011 (No. HQ-00937-0) prohibits physical or verbal abuse, taunts, and denial of services to an inmate based on sexual orientation, and orders staff to prevent others from engaging in such misconduct.

35. Defendants flouted this Order.

36. A federal Bureau of Justice Statistics ("BJS") study undertaken pursuant to the Prison Rape Elimination Act, 42 U.S.C. § 15601, reported that gay inmates are particularly vulnerable to sexual abuse in prison settings, including by staff. *See* BJS, U.S Dep't of Justice, *Sexual Victimization in Prisons and Jails Reported by Inmates, 2008-09* (Aug. 2010), at 14.[1]

37. Federal regulations pursuant to PREA that took effect in 2012 specifically require municipal correctional facilities like Rikers Island and EMTC to train employees "[h]ow to communicate effectively and professionally with inmates, including lesbian, gay, bisexual, transgender, intersex, or gender nonconforming inmates." 28 C.F.R. l 15.3l (a)(9).

---

[1] A*vailable at* http://www.prearesourcecenter.org/sites/default/files/library/80-sexualvictimizationinprisonsandjailsreportedbyinmatesaugust2010.pdf

38. Despite all of this, Defendants knowingly placed Ms. Calderon in an obviously dangerous situation which could and should have been avoided, and subjected her to unlawful force.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

39. Plaintiffs incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By reason of the foregoing paragraphs, and by assaulting, battering, and using unnecessary, excessive, and unconscionable force, or failing to prevent others from doing so, the individual Defendants deprived Ms. Calderon of rights, remedies, privileges, and immunities guaranteed to every person, secured by the Fourth, Eighth, and Fourteenth Amendments, through 42 U.S.C. § 1983, including, without limitation, deprivation of the following constitutional rights:

    a. Freedom from unreasonable seizures of her person, including but not limited to the use of excessive force;

    b. Freedom from cruel and unusual punishment;

    c. The right to due process of law;

    d. The right of association and expression under the First Amendment; and

    e. The enjoyment of equal protection, privileges and immunities under the law.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Ms. Calderon has endured substantial physical and emotional injuries and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### *MONELL* CLAIM AGAINST DEFENDANT CITY OF NEW YORK
### THROUGH 42 U.S.C. § 1983

42. Ms. Calderon incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. At all times material to this complaint, there was a pattern and practice of conduct by DOC officials on Rikers Island that violated the constitutional rights of inmates. There was, and is, a "deep-seated culture of violence" which was "pervasive" across the various facilities on Rikers Island, and "DOC staff routinely utilize[d] force not as a last resort, but instead as a means to control the [ ] population and punish disorderly or disrespectful behavior." *See* Report from United States Attorney Preet Bharara to New York City Mayor Bill de Blasio, et al., dated August 4, 2014 ("U.S. Attorney Report"), at 3.[2]

44. At all times material to this complaint, Defendant City failed to properly train, screen, supervise, or discipline employees including the individual Defendants, and failed to inform supervisors of their need to train, screen, supervise, or discipline DOC employees such as the individual Defendants regarding the limits on using force and interacting with LGBT people.

45. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of Ms. Calderon's incarceration, as well as to series of repeated sexual assaults by housing her in an all-male dorm.

---

[2] *Available at* http://www.justice.gov/usao/nys/pressreleases/August14/RikersReportPR/SDNY%20Rikers%20 Report.pdf. Ms. CALDERON hereby incorporates the U.S. Attorney Report by reference herein.

8

46. This widespread tolerance of corrections officer abuse, and widespread indifference to the needs of LGBT inmates constituted a municipal policy.

47. The above-described *de facto* policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees including defendants GRIFFITHS and DANIELS and failed to inform supervisors (including defendants GRIFFITHS and DANIEL'S supervisors) of their need to train, screen, supervise or discipline DOC employees such as defendants GRIFFITHS AND DANIELS regarding the limits on uses of force.

49. Further, the "DOC's hiring process has failed to recruit sufficient talented [corrections officers] and has failed, in some instances, to weed out those who would abuse their position." *See* New York City Department of Investigation Report on the Recruiting and Hiring Process of New York City Correction Officers, January 2015 ("DOI Report"), at 2.[3]

50. The above-described policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, were direct and proximate causes of the unconstitutional conduct alleged herein, causing injury and damage in violation of Ms. CALDERON'S constitutional rights under the Due Process Clause of the Fourteenth Amendment, through 42 U.S.C. § 1983.

---

[3] *Available at* http://www.nyc.gov/html/doi/downloads/pdf/2015/jan15/pr01rikers_aiu_011515.pdf. Ms. CALDERON hereby incorporates the DOI Report by reference herein.

51. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK

52. Ms. CALDERON incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By the actions described above, the individual defendants did inflict assault and battery upon Ms. CALDERON. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Ms. CALDERON and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as a DOC official, and/or while they were acting as an agent and employee of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Ms. CALDERON pursuant to the state common law doctrine of *respondeat superior*.

55. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING
### UNDER THE LAWS OF THE STATE OF NEW YORK

56. Ms. CALDERON incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57. As demonstrated by the facts alleged herein, defendant CITY negligently hired, screened, retained, supervised, and trained the individual defendants. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Ms. CALDERON and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE**

59. Ms. CALDERON incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF ARTICLE I, § 11 OF THE NEW YORK CONSTITUTION**

62. Ms. CALDERON incorporates by reference and re-alleges all of the preceding paragraphs of this complaint as though fully set fo1th herein.

63. Article I,§ 11 of the New York Constitution provides that, "[n]o person shall be denied the equal protection of the laws of this state or any subdivision thereof."

64. LGBT persons "compose a class that is subject to heightened scrutiny." *Windsor v. United States,* 699 F.3d 169, 185 (2d Cir. 2012).

65. By reason of the foregoing paragraphs, by discriminating against Ms. Calderon, Defendants deprived her of rights, remedies, privileges, and immunities guaranteed to every person, including, but not limited to the right guaranteed by Article I, § 11 of the New York Constitution to the equal protection of the laws.

66. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

67. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern, practice, or custom by DOC staff of discriminating against LGBT people.

68. As a direct and proximate result of Defendants' conduct, policies, practices, customs, and usages, Ms. Calderon sustained the injuries and damages set forth above, including but not limited to the deprivation of her right to equal protection and equal dignity.

## SEVENTH CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF N.Y. CIVIL RIGHTS LAW § 40-C

69. Ms. CALDERON incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70. Section 40-c of the New York Civil Rights Law provides that, "[n]o person shall, because of ... sexual orientation ...[OR] …gender…., be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the

exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state."

71. By the conduct and actions described above, Defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to the plaintiff of her civil rights on the basis of her gender and/or sexual orientation.

72. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

## **JURY DEMAND**

73. Ms. CALDERON demands a trial by jury in this action on each and every one of her damage claims.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Ms. CALDERON demands judgment against the defendants jointly and severally and prays for relief as follows:

a. That she be compensated for violations of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That she be awarded punitive damages against the individual defendants; and

c. That she be compensated for attorney' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         May 15, 2017

Respectfully submitted,

Rebecca M. Heinegg
Sarah Kunstler
*Attorneys for the Plaintiff*
277 Broadway, Suite 1501
New York, New York 10007
t: 212-227-2303